IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 06-316-4 & |
| | )           07-101 |
| ROGER WILSON | ) |

MEMORANDUM AND ORDER OF COURT

Presently before the court is a pro se motion to dismiss indictment on speedy trial grounds filed by defendant Roger Wilson.[1]  For the following reasons, defendant's motion will be denied.

On September 13, 2006, a grand jury returned a ninety-six count indictment against 10 defendants relating to a cocaine distribution conspiracy at CR 06-316.  Defendant Wilson was charged at sixteen of the counts with: (1) conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine (Count One); (2) possession with intent to distribute 500 grams or more of cocaine (Count Three); (3) attempt to possess with intent to distribute five kilograms or more of cocaine (Count Five); and, (4) thirteen counts of using a communication facility to facilitate a narcotic conspiracy (Counts 10, 13, 15, 18, 20, 25, 29, 37, 39-40, 57-58 and 65).

---

[1] Defendant's retained counsel of record is Paul Boas, Esquire.

AO 72
(Rev 8/82)

Following an initial appearance on September 25, 2006, defendant was released upon an unsecured appearance bond, and he subsequently pled not guilty to all counts at an arraignment held on October 12, 2006. On February 21, 2007, following a hearing, this court entered an order revoking defendant's bond upon a finding that defendant had violated the terms of his release and defendant has remained detained since that date.

On March 21, 2007, a grand jury returned another indictment at CR 07-101 charging defendant with possession with intent to distribute less than 500 grams of cocaine. Defendant pled not guilty to this charge at an arraignment held on March 28, 2007. Defendant now has filed a pro se motion to dismiss indictment[2] on Speedy Trial grounds. Because the court finds defendant's motion to be meritless, it will be denied.

The Speedy Trial Act expressly requires that:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. §3161(c).

---

[2] Defendant does not indicate which of the indictments he seeks to have dismissed; indeed, he indicates that he is not aware of the case numbers of his cases. The court will construe his motion as one to dismiss both indictments.

2

The Act also sets forth certain enumerated periods of delay which may be excluded in computing the 70-day time period for commencing trial. §3161(h)(1)-(8). Among these exclusions is the "ends-of-justice" continuance of §3161(h)(8), which permits a judge to exclude time not otherwise excludable under §3161(h) upon a finding that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."

Here, due to permissible exclusions authorized under §3161(h), the Speedy Trial clock has not come close to expiring on either indictment. At CR 06-316-4, the Speedy Trial clock began to run following defendant's arraignment on October 12, 2006. United States v. Willaman, 437 F.3d 354, 357 (3d Cir. 2006). On October 18, 2006, defendant's appointed counsel[3] filed a motion to extend time to file pretrial motions. On October 23, 2006, this court entered an order granting an ends-of-justice continuance pursuant to §3161(h)(8) through January 10, 2007. Additional ends-of-justice continuances were granted for the period from January 9, 2007, to February 21, 2007, and from February 21, 2007, to March 23, 2007.

---

[3] In the early stages of this case, Chris Rand Eyster, Esq., was appointed under the CJA to represent defendant. Defendant subsequently retained Attorney Boas, who has represented defendant since January 9, 2007.

3

On March 23, 2007, defendant, through counsel, filed a motion to suppress wiretap evidence.    In light of the court's granting of the government's motion to file an omnibus response to all motions filed by all ten defendants, this motion remains pending. Currently, the government's omnibus response is due on November 5, 2007.    Accordingly, the Speedy Trial clock has been stopped on defendant's pending motion since March 23, 2007, pursuant to §3161(h)(1)(F), which excludes delay resulting from "any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."[4]

Based on the foregoing, at most only five of the seventy days have elapsed on defendant's Speedy Trial clock at CR 06-316, the period from his arraignment on October 12, 2006, until the filing of his first motion to extend time for filing pretrial motions on October 18, 2006.

Likewise, as to the indictment at CR 07-101, defendant's Speedy Trial period has not expired.  On that indictment, because defendant appeared for an initial appearance on a criminal complaint prior to the filing of the indictment, defendant's Speedy Trial clock began to run upon the filing of the indictment

---

[4]   In addition, the Speedy Trial clock at CR 06-316-4 is not running under §3161(h)(7), which excludes a reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted.    Here, one of defendant's co-defendants has an ends-of-justice continuance through October 22, 2007.

4

on March 21, 2007. <u>See</u> <u>Willaman</u>, 437 F.3d at 358 (indictment triggers running of 70-day clock when defendant appears before a judicial officer prior to indictment); <u>United States v. Carrasquillo</u>, 667 F.2d 382, 384 (3d Cir. 1981). Here, six days elapsed prior to defendant's arraignment on March 28, 2007. Counsel for defendant immediately filed a motion for extension of time to file pretrial motions and the court granted an ends-of-justice continuance covering the period from March 29, 2007, to June 11, 2007.

Another eight days elapsed upon the expiration of that extension and the filing of another motion to extend time on June 20, 2007, and the court's granting of an ends-of-justice continuance for the period from June 20, 2007, until July 19, 2007, and four more days elapsed prior to the court's granting of an ends-of-justice continuance from July 24, 2007, until August 20, 2007. Finally, another seventeen days elapsed from the expiration of that continuance until the filing of defendant's pending pro se motion to dismiss on September 7, 2007.

Based on the foregoing, only thirty-five days have elapsed on defendant's Speedy Trial clock at CR 07-101, and the clock will not begin to run again until the court's filing of this order disposing of defendant's pro se motion to dismiss.[5]

---

[5]   As both counsel no doubt are aware, upon the court's filing of this order disposing of defendant's pro se motion, the clock will begin to run again and will continue to run barring any

AO 72
(Rev. 8/82)

Accordingly, because the Speedy Trial Act clock has not run at either CR 06-316-4 or CR 07-101, defendant's pro se motion to dismiss either indictment on Speedy Trial grounds must be denied.

An appropriate order will follow.

ORDER

AND NOW, this _10th_ day of September, 2007, for the foregoing reasons, IT IS ORDERED that defendant's pro se motion to dismiss indictment on speedy trial grounds (Document No. 232 at CR 06-316-4 and Document No. 29 at CR 07-101) be, and the same hereby is, **denied**.

_Gustave Diamond_
Gustave Diamond
United States District Judge

cc:   Constance M. Bowden
      Assistant U.S. Attorney

      Paul D. Boas, Esq.
      Law & Finance Building
      Fifth Floor
      429 Fourth Avenue
      Pittsburgh, PA 15219

      United States Marshal
      United States Pretrial Services
      United States Probation

---

appropriate exclusions under §3161(h), leaving just thirty-five days remaining on defendant's Speedy Trial clock at CR 07-101.

6

AO 72
(Rev. 8/82)