IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal Nos. 06-316-4 & |
| | ) 07-101 |
| ROGER WILSON | ) |

<u>MEMORANDUM AND ORDER OF COURT</u>

Presently before the court is a Petition for Supervised Release Action filed by the United States Probation Office requesting a modification to the conditions of supervised release of Roger Wilson ("defendant") to add a condition requiring a mental health assessment and, if necessary, treatment. Also before the court is defendant's pro se motion to dismiss the request for modification. (Doc. No. 593 at CR 06-316 & Doc. No. 103 at CR 07-101). For the following reasons, and pursuant to the evidence and testimony adduced at the hearing held on March 13, 2012, defendant's motion to dismiss the request for modification will be denied, and the court will impose the additional condition requested by the probation office.

On January 8, 2008, defendant appeared before the court for sentencing pursuant to his guilty plea to conspiracy to possess and to possess with the intent to distribute cocaine (Count One at CR 06-316) and possession with intent to distribute cocaine (Count One at CR 07-101). Defendant was sentenced to a term of

imprisonment of 65 months to be followed by a term of supervised release of 6 years. While on supervised release it was directed that defendant shall not commit another federal, state or local crime and shall comply with the standard conditions of supervision adopted by the court as well as certain additional special conditions. On December 1, 2011, defendant was released to supervision.

On March 2, 2012, the probation officer filed a request for a show cause hearing for modification of the conditions of supervised release to add the condition that defendant undergo mental health testing and, if necessary, treatment. The probation officer indicated in the petition that defendant has "grandiose ideas and beliefs about his own reality and manifests unconventional behaviors on a regular basis."

Title 18 U.S.C. §3583(e)(2) provides that the court may modify, reduce or enlarge the conditions of supervised release at any time prior to the expiration or termination of the term of supervised release pursuant to the provisions of Fed. R. Crim. P. 32.1(c) and the provisions applicable to the initial setting of the terms and conditions of post-release supervision. Those provisions require the court to consider the factors set forth in 18 U.S.C. §3553(a) in determining whether to impose a condition of supervised release.

On March 13, 2012, the court held a show cause hearing

2

pursuant to Fed. R. Crim. P. 32.1(c)(1).[1] At the hearing, the court heard the testimony of United States Probation Officer Tracey Begonia who has been supervising defendant since his release to supervision in December of 2011.

Begonia testified as to a number of incidents which in her experience as a probation officer raised concerns about defendant's mental state. She testified as to a number of grandiose ideas that defendant espouses, including that he has developed a cure for AIDS and a formula for synthetic oil for which he holds patents. Defendant has indicated that foreign countries already have paid him millions for his synthetic oil but that his sister has stolen the patents and "zillions" of dollars from him. Accordingly, he has tried repeatedly to have charges filed against his sister in McKeesport and in Zone 2 of the City of Pittsburgh, which encompasses the Hill District.

Defendant also has reported that he intends to use his riches to launch a campaign for President of the United States with a platform that includes the abolition of slavery. To further fund this campaign, he also is seeking millions of dollars allegedly owed to him by Delta Airlines.

---

[1] Fed. R. Crim. P. 32.1(c)(1) provides that prior to modifying the conditions of supervised release, the court must hold a hearing at which the person has the right to counsel and an opportunity to make a statement and present any information in mitigation. A hearing is not required under certain limited exceptions, none of which are applicable here.

3

At the hearing the government proffered three exhibits which are copies of a few of the many letters/motions that defendant has filed with the court setting forth these same allegations. Defendant repeatedly has attempted to have his conviction overturned on various grounds insisting that he is innocent. In a 6-month period towards the end of 2011, defendant filed around 20 motions/letters containing these allegations and also indicating that he wanted to have a number of individuals, including this member of the court, reported to the United Nations for being parties to slavery.

Finally, Begonia testified regarding a psychological report from Dr. Mark King in 2007 that was obtained on behalf of defendant's trial attorney, Paul Boas. The report documented defendant's bizarre behavior and noted that at one point defendant was calling attorney Boas up to 20 times a day. Dr. King opined that defendant seems to have a paranoid personality but noted that his opinion was not based on any diagnostic tests because defendant refused to submit to any. Begonia also testified that she had requested that defendant consent to a mental health evaluation at the Probation Office's expense, but defendant declined the offer, believing it to be unnecessary.

During Begonia's testimony, defendant on numerous occasions attempted to interject, make statements and object. The court informed defendant that objections could be made only by his

4

attorney, Assistant Federal Public Defender ("AFPD") Tara Allen, and that if he wished to speak he would have an opportunity to do so at the appropriate time.

At the close of the government's case, AFPD Allen indicated that she had no evidence to present. However, defendant insisted that he had a constitutional right to speak. Against his attorney's advice, defendant was sworn in and took the stand. He referenced a document which he believes proves his claim that he is owed millions of dollars from Delta Airlines. He also testified that proof of his patent for synthetic oil may be found in a 2009 magazine article that he had read and that his sister had admitted taking money from him. He also testified that he has never threatened his sister, the staff at Renewal Center or anyone else and that he has no history of violence.

Based on the testimony and evidence adduced at the hearing, and considering the factors set forth in 18 U.S.C. §3553(a), in particular in this case the protection of the public from potential further crimes of the defendant, §3553(a)(2)(C), the court believes that good cause exists to modify the conditions of defendant's supervised release as requested. At the very least, defendant's conduct is sufficient to raise in a reasonable person a concern that he may do something illegal or harm someone. Although the court acknowledges that up until this point defendant has not threatened or harmed anyone, as noted on the record, the

5

court believes that it is the responsibility of the court to take whatever steps are necessary to ensure that defendant does not become a danger.

Accordingly, upon consideration of the factors set forth in §3553(a), the court finds that a modification of defendant's supervised release to impose a condition requiring him to undergo a mental health assessment and, if necessary, treatment as authorized under 18 U.S.C. §3563(b)(9) is appropriate and warranted in this case and will order that modification pursuant to §3583(e)(2).

ORDER

AND NOW, this  14th day of March, 2012, for the foregoing reasons, as well as those set forth on the record at the hearing held before this court on March 13, 2012, IT IS ORDERED that defendant's conditions of supervision be, and the same hereby are, modified to add the condition that **defendant shall undergo a mental health assessment and, if necessary, participate in a mental health treatment program approved by the probation officer until such time as defendant is released from the program by the Court.** All other terms and conditions of defendant's supervised release imposed on January 8, 2008, shall remain in full force and effect; and,

AO 72
(Rev. 8/82)

IT FURTHER IS ORDERED that defendant's pro se motion to dismiss the probation office's request to modify the terms of supervision (Doc. No. 593 at CR 06-316 & Doc. No. 103 at CR 07-101) be, and the same hereby is, **denied**.

*Gustave Diamond*
Gustave Diamond
United States District Judge

cc:  Paul E. Hull
Assistant United States Attorney

Tara I. Allen
Assistant Federal Public Defender

Tracey Begonia
United States Probation

AO 72
(Rev. 8/82)